No. 435

McKERCHER, Exr. v. LUMBER CO.

No. 19753. Supreme Court

On motion to certify. Dock. April 5, 1926.

677. JUDGMENTS—In an action on an account, where the defendant files a counter claim, may the court render judgment against both parties on their claims and thereby nonsuit both, or should the court render judgment for the plaintiff and then off set against the judgment any damages proved under the counter-claim?

This suit was brought originally in the Cleveland Municipal Court by J. A. McKercher and G. F. Chapman, as executors and trustees of the Estate of Joseph Stephen Deschamps, Rossland, British Columbia, Canada, against The John C. King Lumber Co. on an account for lumber sold.

The amount sued for was $1,152.03 and the Lumber Co. by way of counter claim set up a breach of contract for ten cars of lumber, alleging that only six had been delivered, thereby damaging it $1,577.48.

The Municipal Court rendered judgment against the plaintiffs on their claim and against the defendant on its counterclaim and in effect non suited both parties.

The judgment was affirmed by the Appeals of Cuyahoga County, which stated that it could not say with certainty that the court had not balanced one claim owing against the other.

The plaintiffs here contend that the Municipal Court could not have balanced one claim against the other because it found against the defendant.

Attorneys—Sanders, Monahen & Sanders, Cleveland, for Executors; Thompson, Hine & Flory, Cleveland, for Company.

---

No. 436

STATE v. ABRAMS

No. 19657. Supreme Court

On motion for leave to file. Dock. March 3, 1926; 4 Abs. 176.

480. EVIDENCE—Where there are two co-defendants in a criminal trial, are statements made in the presence of only one defendant admissible?

C. S. Abrams and Horace Abrams were indicted by the Grand Jury of Cuyahoga County under 13105 GC., for issuing a false financial statement.

The defendant had been doing business with the National City Bank of Cleveland for several years. In the course of that business this bank had loaned money to the defendant. The record discloses that, prior to making such a loan in 1925, the bank asked the defendant to submit a financial statement. Such a statement was submitted over the signature of the defendant. In this statement the defendant

listed certain securities as his property, whereas in truth they were the property of another. Indictment, trial and conviction in the Cuyahoga Common Pleas followed. After the verdict the court sentenced the defendant to serve a term of not less than one year in the Penitentiary.

The case was then taken to the Court of Appeals and there remanded for a new trial, the Court saying that the verdict was against the weight of the evidence and that the trial court erred in failing to withdraw certain testimony from the consideration of the jury.

The State makes the following statement and argument:

At the outset of this trial in the court below there were two defendants, C. S. Abrams and his son, Horace Abrams. Certain testimony introduced by the State consisted of statements made in the presence of the defendant, Horace Abrams, but not in the presence of the defendant C. S. Abrams. At the conclusion of the State's case the defense also rested, at which time the trial court directed a verdict of "Not Guilty" in the case of Horace Abrams. At the time the State introduced the evidence in question counsel for the defense interposed an objection. This objection was properly overruled because of the fact that this testimony was admissible as against one defendant and there were at that time still two defendants on trial. Nor was the court, by counsel for defendant, requested to charge that said testimony was inadmissible as against C. S. Abrams.

"A verdict of guilty in a prosecution for murder and a sentence rendered upon such verdict will not be set aside because of the fact that the language used by the trial court in its charge is inapt and the charge is incomplete, if no exception was noted to the charge and if no request for further instructions upon the point on which such charge was incomplete, was made."

Attorneys—E. C. Stanton and M. J. Meyer, for State; J. L. Klein for Abrams; all of Cleveland.

---

No. 437

STATE ex McCREHEN v. DONAHEY, Gov.

No. 19756. Supreme Court

In mandamus. Dock. April 5, 1926.

747. MANDAMUS—Under 6373-25 should a writ of mandamus be allowed against the governor when he fails to appoint a real estate board?

The petition alleges that the relator, John E. McCrehen is a citizen of the State of Ohio and an elector and tax payer in Columbus, Franklin County, Ohio; that he is a real estate broker as defined in 6373-25 GC.; that the respondent Vic Donahey is the Governor of Ohio; that 6373-25 GC. requires the respondent, as Governor to appoint a State Board of Real Estate Examiners; that the respondent has failed and refused to appoint such board and that the relator has no adequate remedy in law.

It is prayed that a writ of mandamus be issued requiring the respondent to appoint the Board as required by law.

Attorneys—J. W. Jacoby and Knepper & Wilcox Columbus, for relator.